UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANA R. PEÑA, Individually and as Next Friend to J.P., a Minor; JOEL PEÑA, Individually and as Next Friend to J.P., a Minor; and J.P., a Citizen of Texas,<br><br>Plaintiffs,<br><br>v.<br><br>E&A TRUCKING CO., LLC, and ROGER C. WELLMAN,<br><br>Defendants. | Case No.: 24-cv-1085-H-SBC<br><br>**ORDER GRANTING<br>(1) PETITION TO APPROVE MINOR'S COMPROMISE;<br>(2) MOTION TO FILE DOCUMENTS UNDER SEAL; AND (3) PETITION FOR GUARDIAN AD LITEM**<br><br>**[Dkt. Nos. 14, 15, 16, 18]** |

Before the Court are (1) Plaintiffs' petition to appoint a guardian *ad litem* (Dkt. Nos. 14 and 18); (2) the parties' joint petition for approval of a minor's compromise (Dkt. No. 16, hereinafter "the Petition" or "Pet."); and (3) Plaintiffs' motion to file the Petition and related documents under seal. Dkt. No. 15. Having considered the Petition, the supporting exhibits and declarations, and the applicable law, and for the reasons stated below, the Court **GRANTS** the petition to appoint a guardian *ad litem*, the Petition, and the motion to seal.

/ / /

/ / /

# I.
# BACKGROUND[1]

This is a negligence action against E&A Trucking Co., LLC and its employee Roger Wellman. *See generally* Dkt. No. 8. On June 28, 2023, Wellman was driving a semi-truck owned by E&A Trucking when he collided with Plaintiffs' car. *Id.* ¶¶ 15-20. Plaintiffs Joel Peña, Joel's daughter Briana Peña, and Joel's minor son J.P. were injured in the crash. *Id.* ¶¶ 33-34, 40, 45.

Plaintiffs filed their complaint on June 24, 2024, and their amended complaint about five months later. *See* Dkt. Nos. 1, 8. The parties accepted Magistrate Judge Steven B. Chu's mediator's proposal two weeks after the November 7, 2024 Early Neutral Evaluation Conference. *See* Dkt. No. 10. On January 3, 2025, the parties filed the Petition presently before the Court. Dkt. No. 16.

# II.
# LEGAL STANDARDS

District courts have a duty to safeguard the interests of minors in litigation. *See Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (noting "the court in which a minor's claims are being litigated has a duty to protect the minor's interests").[2] When parties settle an action involving a minor litigant, the Court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *see also* CivLR 17.1(a) (requiring the Court to review any proposed settlement of a minor's claims). For claims arising under federal law, the scope of the Court's inquiry should be limited to "the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in

---

[1] The Court's summary is based on the Amended Complaint. Dkt. No. 8.
[2] Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, footnotes, and parallel reporter citations are omitted from citations.

similar cases." *Robidoux*, 638 F.3d at 1182. In assessing the fairness of the minor plaintiff's net recovery, the Court cannot consider the "proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* The Court must independently evaluate the fairness of the settlement "even if [it] has been recommended or negotiated by the minor's parent or guardian *ad litem*." *Salmeron,* 724 F.2d at 1363.

### III.
### PETITION FOR GUARDIAN *AD LITEM*

To fulfill its duty "to safeguard the interests of litigants who are minors," *Robidoux*, 638 F.3d at 1181, a court must appoint a guardian *ad litem* or take "whatever measures it deems proper to protect [a minor] during litigation." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty.*, 795 F.2d 796, 805 (9th Cir. 1986); *see also* Fed. R. Civ. P. 17(c) (A court "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor . . . who is unrepresented in the action.").

Plaintiff J.P. is a minor with no guardian or estate conservator. Dkt. No. 14 at 1. Melissa Peña, J.P.'s mother and the proposed guardian *ad litem*, declares that she is fully competent and qualified to represent J.P.'s rights and interests as his guardian *ad litem*, and that she has no adverse interests. *Id.* at 1-2. For good cause shown, the Court **GRANTS** the petition to appoint Melissa Peña as J.P.'s guardian *ad litem* for purposes of this action.

### IV.
### THE PETITION

**A.  The Proposed Settlement Terms and Distribution**

As stated in the Petition, the parties have agreed to resolve all claims for a gross settlement of ▮▮▮▮▮ to be allocated among each of the Plaintiffs. *See* Pet. at 4-5. J.P. will receive ▮▮▮▮▮, Briana Peña will receive $95,000.00, and Joel Peña will receive $37,000.00. *Id.* Allocation of the settlement funds is based on the extent of the injuries and medical costs of each Plaintiff. *Id.* at 5. Plaintiffs' counsel seeks an award of 25 percent of J.P.'s settlement for a total of ▮▮▮▮▮ in attorneys' fees. *Id.* Medical expenses

3

23-cv-1085-H-SBC

for J.P.'s treatment to be paid from J.P.'s settlement are ▓▓▓▓, and non-medical expenses are ▓▓▓▓. *Id.* at 6-7. After payment of these fees and expenses, J.P. will receive a settlement payment in the amount of ▓▓▓▓. *Id.* at 7. This amount will be invested in a single-premium deferred annuity and distributed pursuant to the plan specified in Exhibit 3 of the Petition. *Id.* at 8; Dkt. No. 16-3 at 2.

**B.   The Settlement is Fair, Reasonable, and in J.P.'s Best Interest**

The Court has conducted an independent review of the proposed settlement and finds J.P.'s settlement is fair, reasonable, and in his best interest. J.P. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Pet. at 4. J.P. is entitled to recover for the harm he suffered, and the Court finds the net recovery discussed above is reasonable compensation for the injuries sustained. The Ninth Circuit requires the Court to consider the fairness of a minor plaintiff's settlement in comparison to recoveries in similar cases. *Robidoux*, 638 F.3d at 1182. The parties' joint motion is silent in this regard, but the Court's independent research demonstrates recoveries in non-fatal car crashes range, depending on the severity of injuries, from $1,500 to $87,500 (with most recoveries closer to the four-figure mark) in courts within this Circuit.[3] Accordingly, the Court finds that the settlement amount for J.P. is fair and reasonable.

---

[3]   *See, e.g., Collins v. United States*, No. 2:20-cv-02458-JAM-DMC, 2022 WL 3969552, at *4 (E.D. Cal. Aug. 31, 2022) (approving recovery of $1,500 for each of three minor plaintiffs); *Rivett v. United States*, No. 2:17-cv-00717-DAD-AC, 2023 WL 4238909, at *2 (E.D. Cal. June 28, 2023) (approving recovery of $32,559.99 for minor plaintiff involved in motor vehicle collision); *Meyer v. United States*, No. 23-CV-0396-W-MMP, 2024 WL 3557447, at *2 (S.D. Cal. July 26, 2024) (approving recovery of $10,000 for two minor plaintiffs, and $30,000 for a third minor plaintiff who suffered more severe injuries than the other two); *Castro v. United States*, No. 19-cv-02240,

Furthermore, although the settlement was reached relatively early in the case, it was the result of negotiations between the parties. *See* Dkt. Nos. 7, 10. Throughout the negotiations, all parties were represented by counsel, who undoubtedly were well-informed as to the strengths and weaknesses of their respective positions. The settlement also "allows for the certainty of recovery" while eliminating the "burden, expense, and uncertainty of taking the case to trial." *Doe v. Lincoln Mil. Prop. Mgmt. LP*, No. 3:20-cv-00224-GPC-AHG, 2020 WL 5587488, at *5 (S.D. Cal. Sept. 18, 2020). In sum, the settlement allows the Plaintiffs to avoid the costs, risks, and time commitment of pursuing the case through discovery and trial, while providing fair and prompt compensation for the harm suffered. For the above reasons, the Court finds that the settlement is fair, reasonable, and in J.P.'s best interest.

## C. Distribution

This District's Civil Local Rules require that "[m]oney or property recovered by a minor or incompetent California resident by settlement or judgment must be paid and disbursed in accordance with California Probate Code Section 3600, et seq." CivLR 17.1(b)(1); *see also Alter by & through Alter v. Cnty. of San Diego,* No. 21-CV-01709-BLM, 2023 WL 4166096, at *5–6 (S.D. Cal. June 22, 2023) ("any money recovered by an incompetent who resides in California must be disbursed in accordance with the California Probate Code [under the Local Rules], regardless of whether the incompetent's claims arise under state or federal law"). As is relevant here, California Probate Code

---

2022 WL 594545 (S.D. Cal. Feb. 28, 2022) (approving $13,241.67, $13,522.98, and $12,630.46 in net settlement proceeds for minor plaintiffs who suffered temporary back and neck pain, headaches, and mild concussions from a car collision); *Sykes v. Shea*, No. CV 2:16-2851 WBS GGH, 2018 WL 2335774, at *2 (E.D. Cal. May. 23, 2018) (approving gross recovery of $87,500 for minor plaintiff involved in motor vehicle collision); *De La Cruz v. U.S. Postal Serv.*, No. 108CV0018OWWDLB, 2010 WL 319670, at *2 (E.D. Cal. Jan. 20, 2010) (approving $3,750 in net settlement proceeds for minor plaintiff who suffered loss of consciousness, contusions, and a mouth laceration during a car crash).

1  section 3611 provides that in entering judgment for a minor or incompetent, the Court
2  should specify the method of distribution, which may include an order that "the remaining
3  balance of any money paid or to be paid be deposited in . . . a single-premium deferred
4  annuity, subject to withdrawal only upon the authorization of the court, and that the
5  remaining balance of any other property delivered or to be delivered be held on conditions
6  the court determines to be in the best interest of the minor . . . ." Cal. Prob. Code § 3611(b).

7  The settlement provides ▇▇▇▇ to fund a single-premium deferred annuity. As
8  outlined in Exhibit 3 to the Petition, the distribution plan will increase the present-day value
9  of the settlement for J.P. as well. *See* Dkt. No. 16-3 at 2. The Court finds that the proposed
10 annuity is fair, appropriate and within the bounds of the applicable law.

11 **D.    Attorneys' Fees**

12 In addition to assessing whether the settlement is fair and reasonable, the Court must
13 also approve the attorneys' fees and costs to be paid for representation of a minor. In this
14 District and elsewhere in the Ninth Circuit, where counsel represents a minor on a
15 contingency fee basis, attorneys' fees are generally limited to 25 percent of the gross
16 recovery. *See Doe*, 2020 WL 5587488, at *6; *see also D.C. by & through Murphy v.*
17 *Modesto City Sch.*, No. 1:22-CV-01481-HBK, 2023 WL 6060044, at *5 (E.D. Cal.
18 Sept. 18, 2023) (noting the 25 percent "benchmark" for contingency fees for representation
19 of minors).

20 Plaintiffs' counsel requests ▇▇▇ in attorneys' fees, exactly 25 percent of J.P.'s
21 gross recovery. Pet. at 6; Dkt. No. 16-1 at 5. Counsel represents in his declaration that his
22 office sent and responded to discovery, obtained pertinent medical records, prepared a
23 settlement brochure and package, attended mediation, and obtained substantial reductions
24 of the Plaintiffs' medical debt. Dkt. No. 16-1 at 4. Plaintiffs' counsel also requests that its
25 litigation expenses of ▇▇▇ be allocated among the three Plaintiffs based on each
26 Plaintiff's share of recovery; because J.P.'s recovery ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
27 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
28 *Id.* at 5. Finally, Plaintiffs' counsel requests that the ▇▇▇ in litigation costs incurred by

the Zambrano Law Firm, which were individual to J.P., also be paid out of J.P.'s settlement. In total, Plaintiffs' counsel requests ▮▮▮▮ from J.P.'s gross recovery.[4] *Id.* at 6.

The Court has considered the result obtained, the risk assumed, counsel's declaration, and the fact that the requested fees are within the historical benchmark of 25 percent. Under the facts and circumstances of this action, the Court finds the requested attorneys' fees and costs are reasonable.

## V.
## THE MOTION TO SEAL

Also before the Court is Plaintiffs' unopposed motion to file the Petition and related documents under seal. Dkt. No. 15.[5] Plaintiffs assert the Petition and related documents should be sealed because they "contain private information about J.P., a 12-year-old minor, and the documents contain settlement terms and financial information about the minor's structured settlement. Public disclosure would compromise the minor's privacy interest without serving any substantial public benefit" and "sealing is narrowly tailored here because the public maintains access to the operative complaint and other substantive filings." Dkt. No. 15 at 2. The Court agrees.

There is a "strong presumption" in favor of maintaining public access to court records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The party seeking to seal judicial records attached to a motion "more than tangentially related to the underlying cause of action" must establish "compelling reasons" to overcome this strong presumption. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099

---

[4] Plaintiffs' counsel also declares "[t]he parent and guardian of J.P., a minor, gave informed consent to the proposed distribution as outlined herein." Dkt. No. 16-1 at 6.

[5] The Court construes Plaintiffs to be moving for leave to file under seal the documents lodged conditionally at Dkt. No. 16. These are the documents the Court discusses below. Plaintiffs have also conditionally lodged three proposed orders at Dkt. No. 17. As the Clerk of Court correctly notes in the docket text, these orders should not have been filed, and the Court does not discuss them.

(9th Cir. 2016). District courts have applied the compelling reasons standard to motions to seal documents related to a minor's compromise. *See Patino v. Cnty. of Merced*, No. 1:18-cv-1468-AWI-SAB, 2020 WL 8617417, at *2 (E.D. Cal. Sept. 11, 2020) ("The undersigned agrees with those courts that find that a request to seal documents attached to a petition for minor's compromise must meet the compelling reasons standard.") (collecting cases). But the strong presumption of public access can be overcome where a litigant's privacy interests create compelling reasons to keep information from public view. *Kamakana*, 447 F.3d. at 1178-79.

The lodged documents are replete with sensitive information that J.P. is entitled to keep private. The documents describe in detail J.P.'s injuries and medical treatment, and specify the amount of the settlement and other "personal financial information" of the type that is "universally presumed to be private, not public." *SEC v. Total Wealth Mgmt., Inc.*, No. 15-cv-0226-BAS-DHB, 2017 WL 429689, at *2 (S.D. Cal. Jan. 30, 2017) (collecting cases); *see also Covert v. City of San Diego*, No. 15-cv-2097-AJB (WVG), 2016 WL 7117364, at *3 (S.D. Cal. Dec. 6, 2016). The Court further finds there is enough identifying information in the lodged documents that simply using J.P.'s initials will not adequately protect his privacy. *Cf. In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (Even when "the private interest in protecting the discovery material outweighs the public interest in disclosure," a court must still "keep in mind the possibility of redacting the sensitive material."). The Court thus concludes there are compelling reasons to seal the Petition and the related documents lodged conditionally at Dkt. No. 16.

## VI.

## CONCLUSION

For the reasons stated above, the Court finds the proposed settlement is reasonable and in J.P.'s best interest, and that the proposed distribution of the settlement funds on J.P.'s behalf is also fair, reasonable, and in compliance with applicable law. The Court

further finds that Plaintiffs' counsel's request for attorneys' fees of ▇▇▇ and litigation costs of ▇▇▇ is reasonable. Accordingly, the Court **ORDERS**:

(1) The Joint Petition for Minor's Compromise (Dkt. No. 16) is **GRANTED**.

(2) The gross amount of J.P.'s settlement is ▇▇▇. A total of ▇▇▇ in attorneys' fees and ▇▇▇ in costs are awarded to Plaintiffs' counsel, to be paid out of the proceeds of the gross settlement. Medical bills shall also be paid out of the proceeds of the gross settlement, to be paid to medical providers as follows: ▇▇▇ to Khit Chiropractic & Wellness, ▇▇▇ to People First Pharmacy, and ▇▇▇ to Physicians Injury Clinic.

(3) The balance of the settlement after payment of authorized fees, expenses, and medical costs is ▇▇▇, to be distributed in accordance with the parties' request and as follows: the sum of ▇▇▇ shall be invested in a single-premium deferred annuity for the benefit of Minor Plaintiff J.P. subject to the terms of Exhibit 3 to the Petition at Dkt. No. 16-3.

(4) The Motion to Seal (Dkt. No. 15) is **GRANTED**. The Clerk of Court shall file the documents lodged at Dkt. No. 16 under seal in their entirety.

(5) The Clerk of Court shall strike the proposed orders conditionally lodged at Dkt. No. 17.

(6) The Petition to Appoint Guardian *ad litem* (Dkt. No. 14) is **GRANTED**, and the duplicative Petition to Appoint Guardian *ad litem* (Dkt. No. 18) is **DENIED AS MOOT**.

(7) Plaintiffs shall voluntarily dismiss the Action within 14 days of receiving the Settlement Funds from Defendants.

Dated: January 17, 2025

*David Leshner*
_____
Hon. David D. Leshner
United States Magistrate Judge